NO. 07-05-0203-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 8, 2006 


______________________________



SHAWNA LYN BORTH, 


 

 Appellant

 

v.



JOHN C. KELLEHER, JR., M.D.,


 

 Appellee

_________________________________



FROM THE 251st DISTRICT COURT OF RANDALL COUNTY;



NO. 55,233-C; HON. PATRICK PIRTLE, PRESIDING


________________________________



Memorandum Opinion


________________________________


Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Shawna Lyn Borth appeals from a final summary judgment denying her recovery
upon her health care liability claim against John Kelleher, Jr., M.D. The trial court also
executed an order identifying her as a vexatious litigant. Borth previously sued Kelleher
for damages purportedly arising from a surgery performed by Kelleher on July 25, 1991. 
That suit resulted both in a trial court judgment denying her relief against the doctor and
an opinion from this court affirming that judgment. See Borth v. Kelleher, No. 07-01-0054-CV, 2002 Tex. App. Lexis 398 (Tex. App.-Amarillo, January 18, 2002, pet. denied). 
Despite those decrees, Borth again sued the doctor, on November 5, 2004, again seeking
recovery for injuries purportedly caused by the same 1991 surgery. Upon joining issue,
Kelleher moved for summary judgment alleging, among other things, limitations and res
judicata. So too did it move to have Borth designated a vexatious litigant. Both forms of
relief were granted Kelleher by the trial court. Appealing from those orders, Borth contends
that the trial court erred in entering them.

 Having determined in our 2002 opinion that Borth's claims against the doctor arising
from the 1991 surgery were then barred by limitations, we see no reason why that
conclusion should be any different now. As early as March 11, 1993, she accused the
doctor of erring, in some manner, during the surgery. So too has she sought and obtained
medical care related to her alleged injuries as well as initiated multiple suits against
Kelleher involving the same acts (though claiming different injuries). More importantly, her
having so initiated such suits (as early as November 16, 1998), it cannot be said that she
lacked reasonable opportunity to discover the purported wrongs and prosecute the claims
encompassed in her 2004 suit. See Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 2001)
(holding that the open courts provision of our state constitution bars application of
limitations to claims of which the complainant lacked reasonable opportunity to discover). 
So, for the reasons expressed in our 2002 opinion, we again conclude that limitations
barred Borth from suing Kelleher in 2004. Finally, because Borth again attempted to sue
Kelleher upon causes of action encompassed by previous suits and rejected through a
prior judgment, we also conclude that the trial court had basis to deem her a vexatious
litigant. See Tex. Civ. Prac. & Rem. Code Ann. §11.054(2)(A) & (B) (Vernon 2002)
(defining a vexatious litigant as one who attempts to relitigate, in propria persona, the
validity of a prior determination against the same defendant after litigation has been finally
determined against her and there is no reasonable probability she will prevail).

 Accordingly, we overrule Borth's points of error and affirm the judgment and order
of the trial court.


 

 Per Curiam



_____________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Following a plea of not guilty, Appellant, Abraham Moreno, was convicted by a jury
of possession of cocaine and sentenced to five years confinement. In presenting this
appeal, counsel has filed an Anders


 brief in support of a motion to withdraw. We grant
counsel’s motion and affirm.
          In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities,
the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 
Counsel has demonstrated that he has complied with the requirements of Anders and In
re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying him of his right
to file a pro se response if he desired to do so, and (3) informing him of his right to file a
pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 408.


 By letter, this
Court granted Appellant thirty days in which to exercise his right to file a response to
counsel’s brief, should he be so inclined. Id. at 409 n.23. Appellant did not file a response.
Neither did the State favor us with a brief.
          By the Anders brief, counsel raises a potential issue of legal and factual sufficiency
of the evidence. He then concludes after a review of all the evidence that under the
appropriate standards of review, reversal is not required. 
          We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. 
See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record
and counsel’s brief, we agree with counsel that there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment
is affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.